

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,407-01

### EX PARTE RODRIGO EUGENIO REYES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR-0183-16-E(1) IN THE 275TH DISTRICT COURT FROM HIDALGO COUNTY

*Per curiam.*

## **O R D E R**

Applicant was convicted of capital murder and sentenced to life imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Reyes v. State*, No. 13-16-00147-CR (Tex. App.—Corpus Christi-Edinburg Dec. 21, 2017) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective. In its response, the State proposed that the trial court determine whether trial counsel was ineffective. The record contains a timely order designating issues (ODI), but it was not signed by the trial court. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668

(1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). Consistent with the unsigned ODI in the record, the trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If he is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 24, 2021
Do not publish